Alma TORREBLANCA DE AGUILAR
et al., Plaintiffs,

v.

The BOEING COMPANY,
et al., Defendants.

Civ. A. No. 1–92–CV–14.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 22, 1992.

Edward H. Green, Mitchell Toups, Weller Wheelus & Green, Beaumont, Tex., Dennis C. Reich, Houston, Tex., for plaintiffs.

Howard Louis Close, Orgain Bell & Tucker, Beaumont, Tex., Richard C. Coyle, David J. Russell, Perkins Coie, Keith Gerrard, Perkins Coie, Seattle, Wash., for defendant Boeing Co.

Gerald Leigh Bracht, Mayor Day Caldwell & Keeton, Houston, Tex., for defendants B.F. Goodrich Co. and Goodyear Tire & Rubber Co.

Jad Jonathon Stepp, Eastham Watson Dale & Forney, Houston, Tex., for defendant Delta Air Lines Inc.

George Steven McCall, G. Don Swaim, Kern & Wooley, Irving, Tex., for defendant Parker Hannifin Corp.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

COBB, District Judge.

### FACTS

On March 30, 1986, a Mexicana Airlines Boeing 727 flew non-stop from Chicago's O'Hare Airport to Guadalahara, Mexico, and then to Mexico City. The following day, March 31, 1986, it crashed after take-off killing its crew and passengers. The airplane, operating as Mexicana Airlines Flight 940, was en route from Mexico City to Puerto Vallarta. An agency of the Mexican government investigated the accident. It concluded a tire explosion in the aircraft's wheel well resulted in an in-flight fire. The fire disabled critical aircraft systems and caused the airplane to break-up in mid-air.

Litigation arising from the crash has flown across the United States several

times. In each case, the court dismissed the plaintiffs' claims holding that Mexico is the proper, convenient forum.[1] The *Rodriguez* case was brought in the Western District of Texas. That court also dismissed the case on the grounds that Western District was a *forum non conveniens*. Plaintiffs now bring suit in the Eastern District claiming the Eastern District, unlike the Western District, is a proper forum. This court disagrees.

## DISCUSSION

### A. Direct Estoppel

■■■ Direct estoppel, a form of issue preclusion, "bars a party from relitigating issues of fact or law that were necessary to the court's judgment and actually determined in a prior action." *Sidag Aktiengesellschaft v. Smoked Foods Products Co.*, 776 F.2d 1270, 1275 (5th Cir.1985). The traditional requirements for application of issue preclusion are:

1. the issue to be precluded must be identical to that involved in the prior action;

2. in the prior action, the issue must have been actually litigated; and

3. the determination made of the issue must have been necessary to the resulting judgment.

*White v. World Finance Meridian, Inc.*, 653 F.2d 147, 151 (5th Cir.1981). A judgment need not be on the merits to preclude relitigation of issues determined in the prior action. *Restatement of Judgments* § 45 cmt. d (1942). For example, in *Pas-*

*tewka v. Texaco, Inc.*, 565 F.2d 851, 854 (3d Cir.1977), the Third Circuit held that a plaintiff was precluded from relitigating the issue of *forum non conveniens*. In that case, the plaintiff brought suit in the District of Delaware after the Southern District of New York dismissed the action on the basis of *forum non conveniens*. The court explained that the doctrine of direct estoppel was applicable to a *forum non conveniens* dismissal despite the fact that the dismissal did not resolve the merits of plaintiff's claim. *Id.* at 853 (citing *Restatement of Judgments* § 49 cmt. b (1942)). The Third Circuit held:

In this case the appellants point to identical objective criteria and rely on identical material facts underlying the application of those criteria. Their contentions amounts to no more than a wish that, in applying the objective criteria to the undisputed facts, a different judge would make the discretionary *forum non conveniens* determination. If appellants expected the district judge in Delaware to exercise a more discreet discretion than his judicial brother in the Southern District of New York, then they should have begun their litigation in Delaware. Having now finally lost in New York, they cannot relitigate the same factual and legal issues in Delaware.

*Id.* at 854 (footnote omitted).

■■■ To avoid the preclusive effect of a prior *forum non conveniens* determination, "the plaintiff in the new forum must do more than ask for a rebalancing of *forum non conveniens* considerations un-

---

**1.** The first action arising out of the Mexicana accident was filed against Mexicana and Boeing in state court in Bexar County, Texas and removed by the defendants to the United States District Court for the Western District of Texas. *See David Rodriguez Diaz v. Mexicana de Avion, S.A.*, 20 Av.Cas. (CCH), 17,983 (W.D.Tex.1987), *aff'd mem.*, 843 F.2d 498 (5th Cir.1988), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988).

In March 1987, while *Rodriguez* was still pending, an action was commenced in Illinois state court on behalf of another group of plaintiffs. Mexicana, Boeing, and Delta Air Lines were named as defendants. *Penasco v. Mexicana de Avion*, No. 87–C–3290 (N.D.Ill. Sept. 21, 1987).

In March 1989, plaintiffs representing all 69 of the decedents named in the present action filed suit in the Superior Court of Washington for King County against Boeing, B.F. Goodrich, Goodyear, Delta and Parker Hannafin. *Wolf v. Boeing Co.*, No. 89–2–06281–0 (Super.Ct.Wash. Jan. 19, 1990), *aff'd*, 61 Wash.App. 316, 810 P.2d 943, *review denied*, 117 Wash.2d 1020, 818 P.2d 1098 (1991).

Claims arising from the Mexicana Flight 940 are presently pending against Mexicana in Civil District Court in Mexico City. *Pardo v. CIA Mexicana de Aviacion, A.A. de C.V.*, Action 137/88 (D. Mexico).

derlying the previous consideration. He must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution." *Villar v. Crowley Maritime Corp.*, 780 F.Supp. 1467, 1482 (S.D.Tex.1992).

Plaintiffs have not shown that this jurisdiction is any more convenient than the other fora from which their claims have already been dismissed. If anything, this forum is less convenient. For example, in Washington, plaintiffs could at least point to the presence of Boeing's corporate office and the fact that the airframe of the accident crash was designed and manufactured there as factors favoring the exercise of jurisdiction. Likewise, in Illinois, plaintiffs could assert that the maintenance performed by Delta in Chicago the day before the accident was a possible factor connecting the claims to Illinois. Despite these connections, both the Washington and Illinois courts dismissed this case on the grounds of *forum non conveniens*. No such connections exist in the Eastern District of Texas.

Plaintiffs assert that changed circumstances preclude direct estoppel. The only specific circumstance plaintiffs identify is their "new stipulations." Plaintiffs, however, made nearly identical stipulations when they brought this case in the Western District of Texas in *David Rodriguez Diaz v. Mexicana de Avion S.A.*, No. SA–86–CA–1065 (W.D.Tex.1987). For example, in *Rodriguez*, plaintiffs offered to pay the reasonable costs for the Defendants' counsel to go to Mexico in order to take depositions of witnesses. (Exhibit A in Coyle Aff. at 3 [hereinafter "Exhibit A"]). In this case, plaintiffs offer to pay for "at least two defense counsel to travel to Mexico and depose the Plaintiffs ... [and] any non-party witnesses located there." (*See* Plaintiffs' Response to Defendants' Motion to Dismiss on Ground of Forum Non Conveniens Subject to Plaintiffs' Motion to Remand and Plaintiffs' Motion to Reconsider the Court's Order Denying Plaintiffs' Motion to Remand at 13 [hereinafter "Plaintiffs' Response"]). In *Rodriguez*, the plaintiffs stipulated to the admissibility of all inspection and investigative reports by the governmental authorities of Mexico. (Exhibit A at 4). Plaintiffs in this case stipulate to the admissibility of the crash report from the Mexican government's investigation. (Plaintiffs' Response at 13). Finally, in *Rodriguez*, Plaintiffs stipulated to use only American experts or Mexican experts who would be brought to San Antonio for deposition. (Exhibit A at 4). In this case, Plaintiffs agree to use only American experts as to both liability and damages. (Plaintiffs' Response at 13). This court fails to see any new stipulations which would preclude the application of direct estoppel.

One apparent but immaterial difference between this action and the prior actions is the names of the plaintiffs. The Washington action, for example, was brought by Bruce Wolf, a Washington attorney, as personal representative and special administrator for the estates of the 69 decedents. The present action, on the other hand, is brought by 36 different personal representatives. However, this action names 69 decedents and the same 80 surviving relatives as were named in the *Wolf* complaint. The rule of issue preclusion cannot be evaded simply by bringing successive actions through different representatives. "If the beneficiaries are the same, it is immaterial that the nominal plaintiffs in the two actions are different." *Restatement (Second) of Judgements* § 47 cmt. c (1982). The persons seeking to benefit by this action are the same persons for whose benefit the *Wolf* action was brought.

In summary, the legal standard and the facts material to the issue of *forum non conveniens* are either the same of less favorable to the plaintiffs in this forum than where the plaintiffs previously litigated and lost. All of the requirements for issue preclusion are met and the plaintiffs are estopped from maintaining this action.

B. *Alternatively, the* Gulf Oil *criteria mandate dismissal*

■ Even under traditional *forum non conveniens* analysis, the Eastern District of Texas is not the appropriate forum for this action. The only possible connection

with Texas is that en route from Chicago to Mexico, the 727 flew over Texas the day before the crash.

1. Adequacy and availability of a foreign forum

■ At the outset of any *forum non conveniens* inquiry, the district court must first decide whether an available and adequate foreign forum exists. *In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982,* 821 F.2d 1147 (5th Cir.1987). The burden of proving that such a forum exists is on the defendant. *Perusahaan Umum Listrik Negara v. M/V Tel Aviv,* 711 F.2d 1231, 1238 (5th Cir.1983).

■ A foreign forum is available when the entire case and all parties can come within its jurisdiction. *Id.* at 1165. A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. *Id.* As defendants point out in their brief, they have previously agreed to submit to the jurisdiction of Mexican courts. A defendant's submission to the jurisdiction of an alternative forum renders that forum available. *Veba–Chemie A.G. v. M/V Getafix,* 711 F.2d 1243, 1245 (5th Cir.1983).

■ There is a presumption that the substantive law of a foreign forum is adequate. *Vaz Borralho v. Keydril Co.,* 696 F.2d 379, 392 (5th Cir.1983). Even if the Mexican law is less favorable, that ground cannot defeat a motion to dismiss based on *forum non conveniens. Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). There is no indication that a Mexican forum here would be so inadequate or unsatisfactory that it would be no remedy at all.

2. Balancing factors

■ Once it has been determined that an adequate and available forum exists, the court must balance the private interests of the litigants as well as the public interests of the chosen forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). A trial court enjoys broad discretion in deciding a *forum non conveniens* issue. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 267, 70 L.Ed.2d 419 (1981). Unless the balance of these factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.* 330 U.S. at 508, 67 S.Ct. at 843. This presumption applies with less force, however, when the plaintiffs are foreign. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981).

■ *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) set forth the factors to be considered by federal courts in deciding the *forum non conveniens* issue. Initially, the court should consider the private interests of the litigants:

1. Relative ease of access to sources of proof;
2. Availability of compulsory process for attendance of unwilling witnesses;
3. Cost of obtaining attendance of willing witnesses;
4. Possibility of view of the premises if that be appropriate; and
5. All other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.* at 508, 67 S.Ct. at 843. The court should also consider the public interest in applying the doctrine:

1. The undesirability of piling up litigation in congested centers instead of handling the case at its origin;
2. The burden of jury duty on people of a community having no relation to the litigation;
3. The local interest in having localized controversies decided at home; and
4. The unnecessary injection of problems in conflict of laws.

*Id.*

a) *Private interests of the litigants*

The relevant evidence concerning potential liability is located principally in Mexico. For example, the investigation of the acci-

dent was conducted by the Mexican government and the investigation records are located in Mexico City. Virtually all of the material procured or generated during the investigation as well as all the physical evidence of any significance is in the custody of the Mexican government. Mexico City is also the place where the aircraft was based and where it received periodic maintenance and inspections. Records and witnesses establishing the overhaul, maintenance and servicing history of the aircraft and its components are in Mexico. Records and witnesses concerning the operational history of the aircraft, the hiring and training of Mexicana's pilots, mechanics and other technicians are also located in Mexico City. This evidence is all beyond this court's subpoena power. Fed.R.Civ.P. 45. Such difficulties in obtaining testimony and evidence located in foreign jurisdictions is a strong factor favoring *forum non conveniens* dismissal. *See e.g., In re Union Carbide Corp., Gas Plant Disaster at Bhopal,* 809 F.2d 195, 199–200 (2d Cir.), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987).

Additionally, since most of the plaintiffs are Mexican citizens, evidence and witnesses concerning damage issues also will be located in Mexico. The fact that some evidence concerning the aircraft's design and manufacture may be located elsewhere in the United States does not make the Eastern District of Texas a convenient forum.

The presence of important witnesses in Mexico, many of whom are not parties to this action or employees of the parties, would create extreme difficulties were this case to be tried in Texas. First, this court could not compel the attendance of these witnesses at trial because its subpoena power does not extend to them. As defendant points out, the testimony of unwilling nonparty witnesses in Mexico can only be obtained to aid in a United States litigation through letters rogatory pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No 7444, 847 U.N.T.S. 231. This procedure poses difficulties in obtaining adequate deposition testimony. For example, this procedure is expensive and time-consuming. In addition, conducting a substantial portion of a trial on deposition testimony precludes the trier of fact from its most important role; evaluating the credibility of the witnesses. All of these problems can be avoided by trial in Mexico.

### b) *Public interest factors*

Consideration of the *Gulf Oil* "public interest" factors also indicates that Mexico is a more appropriate forum. This action primarily involves Mexican plaintiffs and arises from the crash of a Mexican airliner in Mexico during an intra-Mexico flight. The airline is owned and regulated by the Mexican government. The accident investigation was conducted by the Mexican government at considerable expenditure of resources. Almost all the passengers and all of the crew were Mexican citizens. Mexico, therefore, has the paramount interest in this lawsuit. Texas jurors should not have to sit through weeks of testimony in an action bearing little relation to the interests or concerns of their community. *In re Disaster at Riyadh Airport,* 540 F.Supp. 1141, 1152 (D.D.C.1982).

### C. *Remand is not appropriate*

 Plaintiffs further argue that, should the court decline jurisdiction over this case, it should remand the case to the state court rather than dismissing the case. This court disagrees. In *Prack v. Weissinger,* 276 F.2d 446, 450 (4th Cir.1960), the Fourth Circuit Court of Appeals held that "a removed action to which a Federal District Court applies the doctrine of *forum non conveniens* need not be remanded, but may be dismissed." The Fifth Circuit Court of Appeals reached the same result in *Nolan v. Boeing Co.,* 919 F.2d 1058, 1070 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991), stating that:

> It would be anomalous to conclude that while a district court may properly invoke the federal law of *forum non conveniens* to decline jurisdiction over a properly removed case, it must order the case to be reinstituted in an equally if not more inconvenient forum. *See Pip-*

*er*, 454 U.S. at 259, 102 S.Ct. at 267 (the overriding issue of importance in a *forum non conveniens* analysis is convenience).

Upon those considerations, this court finds that remand to a Texas state court is not appropriate.

D. *It is not necessary to apply Texas law*

█ Plaintiffs also assert that this Court must apply the *forum non conveniens* law of the State of Texas. The Fifth Circuit has recognized that "the Supreme Court has assiduously avoided deciding whether state or federal law controls a *forum non conveniens* determination in a federal diversity suit, and respected authority exists for both views." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1983*, 821 F.2d 1147 (5th Cir.1987), *vacated on other grounds sub. nom., Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400, *reinstated save as to damages under original nom.*, 883 F.2d 17 (5th Cir.1989). This court finds that, under the facts of this case, the better view is that which was adopted by the Fifth Circuit in *New Orleans*:

> [T]he interests of the federal forum in self-regulation, in administrative independence, and in self-management are more important than the disruption of uniformity created by applying federal *forum non conveniens* in diversity cases. We are far down this road already, have made a series of similar choices in cases such as *Boeing Co. v. Shipman* [411 F.2d 365 (5th Cir.1969)] and its progeny. We think those choices were correct. We therefore hold that a federal court sitting in a diversity action is required to apply the federal law of *forum non conveniens* when addressing motions to dismiss a plaintiff's case to a foreign forum.

*Id.* at 1159 (emphasis added; footnote omitted).

It is therefore ordered that the Boeing's Motion to Dismiss on the Ground of *Forum Non Conveniens* is GRANTED.