Erika Zorayda URENA TAYLOR Individually and as Representative of The Estate of Samuel Rivera Gutierrez and on behalf all Those Entitled to Recover Under the Texas Wrongful Death Act for the Death of Samuel Rivera Gutierrez and as Next Friend of De Alejandra Rivera Urena, A Minor Child and Policia Fiscal Federal de Mexico Plaintiffs

v.

DAIMLER CHRYSLER CORPORATION Bridgestone/Firestone, Inc. Defendants

No. CIV.A. 1:01–CV–550.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 13, 2001.

Mikal C. Watts, William Joseph Maiberger, Jr., Watts & Heard, San Antonio, TX, Michael A. Pohl, Houston, TX, for Plaintiffs.

Lawrence Louis Germer, Germer & Gertz, Beaumont, TX, for Daimler/Chrysler.

H. RonaldWelsh, Knox Nunnally, Phillip Bruce Dye, Vinson & Elkins, Houston, TX, for Bridgestone/Firestone.

Steven Bradley Harris, Squire, Sanders & Dempsey, Houston, TX, for Bridgestone Corp.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court are Defendants Daimler/Chrysler's and Bridgestone/Firestone's Motions to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* [Dkt. # 6 & 17], and the court having reviewed the motions and responses on file is of the opinion that the motions be GRANTED.

This case involves a single car accident that occurred on July 11, 1999, in Nuevo Leon, Mexico. Samuel Rivera Gutierrez, a resident of Mexico, died in this accident. Mr. Gutierrez's 1994 Dodge truck, which was owned by his employer, the Policia Fiscal Federal de Mexico, was equipped with Firestone tires. The Plaintiffs originally filed suit in Texas state court claiming tire tread separation caused the accident. The Defendants timely removed the case to federal court.

Daimler/Chrysler originally filed a Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* on August 31, 2001. Bridgestone/Firestone filed a mo-

tion joining Daimler/Chrysler's Motion to Dismiss on October 3, 2001. Both parties stipulated that they would submit to the jurisdiction of the courts of Nuevo Leon, Mexico and that they would accord any final judgment entered against them by a Mexican court after the exhaustion of all appellate remedies. Based upon the following discussion, the court finds these motions proper and dismisses the Plaintiffs claims pursuant to the doctrine of *forum non conveniens,* so that the Plaintiffs can re-file in a more appropriate Mexican court.

### The Standard for Dismissal under *Forum Non Conveniens.*

■ The U.S. Supreme Court originally recognized the common law of *forum non conveniens* in federal courts as a method of dismissing damages actions or of transferring venue from a jurisdiction to another where venue was more appropriate. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Congress has since superseded the transfer of venue function of the *forum non conveniens* doctrine by enacting 28 U.S.C. 1404(a). *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). However, the U.S. Supreme Court continues to recognize that federal courts have the power to dismiss damages actions under *forum non conveniens* analysis where "the alternative forum is abroad." *Id.*

■ When reviewing an action under diversity jurisdiction, a federal court in the Fifth Circuit must employ the federal law of *forum non conveniens* instead of state law. *See In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982,* 821 F.2d 1147, 1159 (5th Cir.1987), *vacated on other grounds and remanded, Pan American World Airways, Inc., v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989), *reinstated in relevant part, In re Air Crash Disaster Near New Orleans,* 883 F.2d 17 (5th Cir.1989).

■ The Fifth Circuit will review a district court's decision on a motion. to dismiss for *forum non conveniens* for a clear abuse of discretion. *See McLennan v. American Eurocopter Corp., Inc.,* 245 F.3d 403, 423 (5th Cir.2001). Generally, a court would be found to have abused its discretion when it grants a motion to dismiss without oral or written reasons or if it fails to address and balance the relevant principles and factors. *See Dickson Marine, Inc., v. Panalpina, Inc.,* 179 F.3d 331, 341 (5th Cir.1999); *McLennan,* 245 F.3d at 424 (the Fifth Circuit will review the district court's compliance with the relevant analytical framework and will not perform a de novo analysis nor make the initial determination for the district court).

■ The premise underlying the doctrine of *forum non conveniens* is "that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized." *See McLennan,* 245 F.3d at 423 (citing *Dickson Marine,* 179 F.3d at 341). The doctrine presupposes at least two forums where the defendant or defendants are amenable to process and simply furnishes criteria for choice between them. *Id.* at 424.

■ The framework for analysis under *forum non conveniens* requires that the defendant seeking dismissal must first establish that there is an alternative forum which is both available and adequate. *Id.* A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum. *Id.* A foreign forum is adequate when the parties will not be deprived of all remedies or be treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. *Id.; Aguilar v. Boeing Co.,* 806 F.Supp. 139, 143

(E.D.Tex.1992) (citing *Perusahaan Umum Listrik Negara v. M/V Tel Aviv,* 711 F.2d 1231 (5th Cir.1983)).

Once the movant establishes that there is an alternative forum which is both available and adequate, the movant must show that dismissal is warranted because of the balance of certain private and public interests. *See McLennan,* 245 F.3d at 423. The relevant private interest factors include: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The relevant public interest factors include: the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

### Application of the *Forum Non Conveniens* Standard

### A. Availability and Adequacy of an Alternative Forum

Applying this analysis to the case at bar, the court finds that the convenience of all parties, as well as the interests of justice, will best be served if the instant action is dismissed and refiled in an appropriate court in Nuevo Leon, Mexico.

There is no question the Plaintiffs and decedant are all citizens of Mexico or Mexican governmental agencies. Further, there is no doubt that this action was triggered by an automobile accident in Nuevo Leon, Mexico. As such, Mexican courts certainly offer a viable alternative forum in which the Plaintiffs may vindicate their claims.

Furthermore, a defendant's submission to the jurisdiction of an alternative forum renders that forum available. *See Aguilar,* 806 F.Supp. at 143 (citing *Veba–Chemie, A.G. v. M/V Getafix,* 711 F.2d 1243, 1245 (5th Cir.1983)). In this case, Daimler/Chrysler and Bridgestone/Firestone, Inc. have both submitted to the jurisdiction of Mexico, have certified they will abide by the rulings of that jurisdiction and will pay any recovery judged against them. Therefore, Mexico is an available forum to hear the action.

Mexican law has been ruled to be adequate in a wrongful death action in this and other federal courts before. *See Aguilar,* 806 F.Supp. at 143; *David Rodriguez Diaz v. Mexicana de Avion, S.A.,* No. SA–86–CA–1065, 1987 WL 275695, 1987 U.S. Dist. LEXIS 13399, at *4–9 (W.D.Tex. Jan.23, 1987), *aff'd mem.,* 843 F.2d 498 (5th Cir.1988), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988). Here, the plaintiffs are proceeding under negligence and strict product liability actions. Mexico recognizes wrongful death actions but not strict product liability. The lack of a strict product liability cause of action in a foreign forum does not render that forum inadequate. *See David Rodriguez Diaz,* 1987 WL 275695, 1987 U.S. Dist. LEXIS 13399, at *8, citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254–55, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The *Rodriguez Diaz* court specifically ruled that the lack of a strict liability cause of action in Mexican law did not render Mexican law inadequate. Further, the fact that a plaintiff may recover less in a wrongful death action in Mexico than in the Texas does not render that system of laws inadequate. *Id.*

There is no reason to believe that Mexican courts or Mexican law is anything other than adequate in this case. While certain differences may exist between a trial of this action in Texas and one in Mexico, they do not warrant a finding that the Mexican forum is not an adequate forum.

## B. Private and Public Factors

■ Before discussing the private and public factors, the court notes that while ordinarily a plaintiff's choice of forum decision should be given deference, but when the plaintiff is a citizen of a foreign country and is trying to avail herself of the more-favorable laws of the United States, the foreign plaintiff's choice of law decision is given less deference. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

## 1. Private Factors

■ All of the events leading to this action took place in Mexico. The decedent was a Mexican citizen; the plaintiffs are all Mexican citizens or Mexican governmental agencies; the accident occurred in Mexico in a vehicle which was maintained in Mexico. All medical and law enforcement personnel and physical evidence are in Mexico. It would be difficult and expensive to produce those witnesses and transport that evidence to a court in Texas. Under these circumstances, Mexico is the most appropriate available forum. *See Aguilar,* 806 F.Supp. at 144, *aff'd Aguilar v. Boeing Co.,* 11 F.3d 55 (5th Cir.1993).

In *Aguilar,* a Mexicana Airlines Boeing 727 flew nonstop from Chicago's O'Hare airport to Guadalajara, Mexico, and then to Mexico City. The following day, it crashed after takeoff, killing its crew and passengers. Most of the plaintiffs in that case were Mexican citizens; evidence and witnesses concerning damage issues were also located in Mexico. Some evidence concerning the aircraft's design and manufacture might have been located in the United States. However, because the bulk of the evidence and witnesses were in Mexico, and the fact that the crash occurred in Mexico and involved mainly Mexican citizens, the invocation of *forum non conveniens* was appropriate and the case was dismissed from the Eastern District of Texas. *Id.* Unlike the ties to the U.S. in *Aguilar,* the present case has virtually no tie to the United States. It is similarly appropriate to dismiss under *forum non conveniens.*

Furthermore, this court has no power of compulsory process over citizens of Mexico. As noted, all medical and police personnel, forensic analysts and other unknown individuals reside in Mexico. The plaintiffs have asserted that they, the plaintiffs, will be available and present in a U.S. court. However, they cannot guarantee the availability of any of the necessary witnesses who might be unwilling to appear and this court cannot summon them. Additionally, the cost of transporting and domiciling such a group would be expensive for those witnesses who would be willing to appear in person. This factor strongly favors dismissal to allow the plaintiffs to proceed in Mexico.

Viewing the location of the accident could be appropriate, if unlikely, to a determination of this action. Although courts and juries in these type of cases are usually informed of the circumstances of vehicular accidents by photographs, models and animations, physical viewing of the locale of the accident does occur. If it were necessary in this case, such a viewing would be virtually impossible due to the time and cost it would take to transport all court personnel and the jury to the location in Mexico.

As far as the court is aware, all of the reports detailing the accident are in Spanish. The translation process is a lengthy

one and expensive. Additionally, most of the witnesses who are Mexican citizens and willing to appear in person would require translators to testify, again at greater expense and at a risk of loss of accuracy. Such translation requirements would certainly slow the case and perhaps introduce confusion among a jury.

It is true that certain evidence that may prove germane to the instant action is located in the United States. None of this evidence, as far as the court is aware, is stored in Texas and accordingly some inconvenience will necessarily be involved in transporting it for trial in this court. It does not seem, however, that the inconvenience of carting this material to Texas should be any more or less than the inconvenience of bringing it to Mexico.

In balance, all of the private factors indicate that Mexico is a more appropriate forum and that this case should be dismissed.

## 2. Public Factors

 This court currently carries a docket including over four hundred civil and over one hundred criminal cases. In the last year, over four hundred civil cases were filed and assigned to this court. The addition of this case would significantly burden the docket in terms of time and resources

Furthermore, there is virtually no local interest in deciding this controversy. Given the limited contacts this case has with Texas, it would be an injustice to impose the burden of jury duty upon the people of this state having no relation to the litigation. At the same time, Mexico has a great interest in the quality of the products used by its citizens and in holding accountable the manufacturers of products that allegedly caused a death within its borders.

Finally, the Texas conflict of laws analysis requires this court to apply the law of the forum with the most significant relationship to the occurrence and the parties. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984). As between Mexico and Texas, there can be no doubt that Mexico has the most significant relationship to the occurrence and the parties. As stated above, all the plaintiffs are either citizens of Mexico or Mexican governmental agencies and no party is a citizen of the State of Texas, specifically. The place of the unfortunate accident and the place where the automobile was maintained are both located in Mexico. The Plaintiffs have failed to present any information to this court that demonstrates any real nexus this dispute has with Texas. As such, under Texas conflict of law analysis, Mexican law would apply to this dispute.

Because Mexican law would be applied, a Mexican court, which understands that law far better than this one, should hear the case. That would also avoid any conflicts between the substantive laws of Mexico and the procedural laws of a United States federal court.

Thus, the public interest factors strongly indicate that Mexico is a more appropriate forum and that this case should be dismissed. It is, therefore,

ORDERED, that Daimler/Chrysler's and Bridgestone/Firestone's Motions to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* are hereby GRANTED and this action is DISMISSED and the case closed.

Accordingly, the complaint is dismissed on the conditions that (1) a court in Nuevo Leon, Mexico has jurisdiction to adjudicate the claims asserted therein; (2) the defendants appear generally in any action asserting the present claims filed against it in Nuevo Leon, Mexico; (3) the defendant waives jurisdictional defenses as well as any statute of limitations defenses it did not have at the time this complaint was

filed in the Texas state court; and (4) the defendants produce in Nuevo Leon, Mexico all reasonable discovery requests by the plaintiffs.