**Beatriz DOMINGUEZ–COTA;
et al., Plaintiffs,**

v.

**COOPER TIRE & RUBBER
COMPANY; et al.,
Defendants.**

**No. 1:03CV37–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Sept. 11, 2003.

John L. Davidson, Frazer Davidson, PA, Jackson, MS, Julian C. Gomez, Gomez Law Firm, PLLC, McAllen, TX, Catherine W. Smith, Ramon Garcia, Attorney, Edinburg, TX, for plaintiffs.

Gary L. Carnathan, Carnathan & Malski, Tupelo, MS, Wray Eckl, Drew, Eckl & Farnham, Atlanta, GA, Paul V. Cassisa, Jr., Bernard, Cassisa & Elliott, Oxford, MS, Daphne P. McNutt, McGlinchey Stafford, New Orleans, LA, Samuel E. Scott, McGlinchey Stafford, Jackson, MS, Grant M. Fox, Grant M. Fox, Attorney, Chris H. Deaton, Deaton & Deaton, P.A., Tupelo, MS, for defendants.

## OPINION GRANTING MOTION TO DISMISS

DAVIDSON, Chief Judge.

Presently before the court is the Defendants' motion to dismiss the Plaintiffs' claims on the basis of *forum non conveniens*. Upon due consideration, the court finds that the motion should be granted.

### A. Factual and Procedural Background

This litigation arises out of a single vehicle accident that occurred on June 26,

2001, on a Mexican national highway in Camino Tijuana/Cabo San Lucas, Mexico. The Plaintiffs, all of whom are Mexican nationals, have alleged that the General Motors vehicle in which they were traveling, as well as a Cooper Tire & Rubber Company tire on the vehicle, was defective and contributed to the accident. The Plaintiffs have also alleged that the Defendant Vincente Dominguez–Mendoza, who was driving the vehicle at the time of the accident, was negligent and thus at least partially responsible for causing the accident.

The Plaintiffs filed suit in the Circuit Court of Lee County, Mississippi, on December 16, 2002. The Defendants subsequently removed the case to this court on the basis of diversity jurisdiction. The Defendants have now moved to dismiss the Plaintiffs' claims on the basis of *forum non conveniens*, asserting that Mexico would be a more convenient and appropriate forum in which to litigate this case. The Plaintiffs oppose the motion and assert that there are significant connections between the State of Mississippi and this case, thus making Mississippi an appropriate forum.

*B. Standard for Dismissal on the Basis of Forum Non Conveniens*

 The doctrine of *forum non conveniens* "proceed[s] from [the] premise [that] ... [i]n rare circumstances, federal courts can relinquish their jurisdiction in favor of another forum." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). *Forum non conveniens* "enables a court to decline to exercise its jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir.2001).

 Federal courts must apply the federal version of *forum non conveniens* in resolving a motion to dismiss when the suggested alternative forum is located in a foreign country. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir.2003); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). To obtain a dismissal based upon *forum non conveniens*, the moving party must demonstrate:

(1) the existence of an available and adequate alternative forum; and

(2) that the balance of relevant private and public interest factors favor dismissal in favor of the alternative forum.

*Vasquez*, 325 F.3d at 671; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221–22 (5th Cir.2000). In connection with the first element of the test, the court must consider the amenability of the defendants to service of process and the availability of an adequate remedy in the alternative forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 254–55, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir.2001). The court must also bear in mind that "the ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1162 (5th Cir.1987) (en banc), *vacated on other grounds, Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989) (*quoting Koster v. American Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). The defendants bear the burden of proof on all elements of the *forum non conveniens* analysis. *In re Air Crash*, 821 F.2d at 1164.

 An alternative forum is considered "available" if the entire case and all

the parties can come within its jurisdiction. *Vasquez,* 325 F.3d at 671; *In re Air Crash,* 821 F.2d at 1165. An available alternative forum is deemed "adequate" if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Vasquez,* 325 F.3d at 671; *Gonzalez v. Chrysler Corp.,* 301 F.3d 377, 379–80 (5th Cir.2002).

Once a court determines that there is an adequate and available alternative forum, it must then proceed to balance several "private interest" and "public interest" factors in order to determine if dismissal is appropriate. *Vasquez,* 325 F.3d at 672. The private interest factors include:

(1) the plaintiff's choice of forum;

(2) the relative ease of access to sources of proof;

(3) the availability of compulsory process to ensure the attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses;

(4) the possibility of viewing the premises, if a view would be appropriate to the action; and

(5) all other practical problems that make trial of a case easy, expeditious and inexpensive—including the enforceability of any judgment and whether the plaintiff has sought to vex or harass the defendant by selecting an improper forum.

*McLennan,* 245 F.3d at 424.

The public interest factors that the court must consider include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having localized controversies resolved at home;

(3) the interest in having a trial of a diversity case in a forum that is familiar with the law that must govern the action;

(4) the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and

(5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 342 (5th Cir.1999); *In re Air Crash,* 821 F.2d at 1162–63.

### C. Discussion

### 1. Mexico as an Available and Adequate Alternative Forum

The first step of the court's *forum non conveniens* analysis is to determine whether the Defendants have proven the existence of an available and adequate alternative forum. As noted above, a foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum. *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 835 (5th Cir.1993). An available foreign forum is deemed adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the all the benefits of an American court. *Baumgart,* 981 F.2d at 835.

#### a. Mexico's Availability as an Alternative Forum

As for Mexico's availability as an alternative forum, all of the Plaintiffs are clearly within the jurisdiction of the Mexican courts. In addition, the Defendants Cooper Tire and General Motors have already indicated their willingness to submit to the jurisdiction of the Mexican courts. "A defendant's submission to the jurisdiction of an alternate forum renders that forum available for the purposes of forum non conveniens analysis." *Veba–Chemie A.G. v. M/V Getafix,* 711 F.2d 1243, 1245 (5th Cir.1983). A court may

condition dismissal on *forum non conveniens* grounds on the consent of all of the Defendants to jurisdiction in the foreign forum and on waiver of any applicable statute of limitations defenses. *Nolan v. Boeing Co.,* 762 F.Supp. 680, 682 (E.D.La. 1989), *aff'd* 919 F.2d 1058 (5th Cir.1990); *Vasquez v. Bridgestone/Firestone,* 192 F.Supp.2d 715, 723 (E.D.Tex.2001), *vacated on other grounds,* 325 F.3d 665 (5th Cir.2003). The requirement for a statute of limitations waiver from all the Defendants is important in this case—the Plaintiffs argue that the applicable statute of limitations under Mexican law is two years; if this case is dismissed, the Plaintiffs assert that they will be unable to file suit on their negligence claims in Mexico.

The court therefore finds that, provided all the Defendants submit to jurisdiction in Mexico and agree to waive any applicable statute of limitation defenses, Mexico is an available forum for this litigation. Cooper Tire and General Motors have already made both agreements. The remaining Defendants have not yet stipulated that they will submit to the jurisdiction of the Mexican courts and waive any statute of limitations defenses. Mexico's availability as a forum for this litigation is conditioned upon those Defendants submitting to the jurisdiction of the Mexican courts and agreeing to waive limitations defenses that accrued after this suit was filed.

### b. Mexico's Adequacy as an Alternative Forum

■ Numerous Fifth Circuit cases have held that Mexico is an adequate forum for tort litigation involving American-made products, despite differences in Mexican and American substantive and procedural law. *See de Aguilar v. Boeing Co.,* 806 F.Supp. 139 (E.D.Tex.1992) (dismissing on *forum non conveniens* grounds claims involving crash in Mexico of Ameri-can-designed and manufactured Boeing 727 aircraft operated by Mexican airline), *aff'd,* 11 F.3d 55 (5th Cir.1993); *Gonzalez,* 301 F.3d at 377 (affirming dismissal of suit against American auto manufacturer on basis of *forum non conveniens* in case arising from auto accident in Mexico); *Vasquez,* 192 F.Supp.2d at 723 (stating that "Mexican law has been ruled to be adequate in a wrongful death action in this and other federal courts"); *Zermeno v. McDonnell Douglas Corp.,* 246 F.Supp.2d 646, 659 (S.D.Tex.2003). Neither discovery limitations nor the lack of a jury trial in a foreign forum renders such a forum inadequate. *Neo Sack, Ltd. v. Vinmar Impex, Inc.,* 810 F.Supp. 829, 834 (S.D.Tex.1993); *Zermeno,* 246 F.Supp.2d at 659.

■ The fact that Mexico provides a wrongful death cause of action, albeit with severe damage caps[1], renders the country an adequate forum for this litigation. *Piper Aircraft,* 454 U.S. at 255, 102 S.Ct. 252. In both *Gonzalez* and *Vasquez,* the Fifth Circuit rejected the plaintiffs' contention that a foreign jurisdiction's decision to limit damages and limit the availability of strict liability—even to the point at which the lawsuit ceases to become economically viable—somehow renders that jurisdiction inadequate. *Gonzalez,* 301 F.3d at 381; *Vasquez,* 325 F.3d at 671–72. Importantly, *Gonzalez* and *Vasquez* also both involved Mexican plaintiffs suing an American vehicle manufacturer over a car accident that occurred in Mexico. *Gonzalez,* 301 F.3d at 383; *Vasquez,* 325 F.3d at 670.

The differences between American and Mexican substantive and procedural law are therefore not so great as to deprive the Plaintiffs of any remedy in a Mexican

---

1. The Plaintiffs contend that Mexican law will limit their available damages to approximate-ly $20,000. *See* Affidavit of Ricardo J. Diez at pp. 4–7.

court; in addition, the Plaintiffs cite no Fifth Circuit case that has ever found Mexico to be an inadequate forum because of these differences. Accordingly, this court finds that Mexico is an adequate and available alternative forum for this litigation, provided that all the Defendants agree to submit to the jurisdiction of the Mexican courts and waive limitations defenses that accrued after this suit was filed.

### 2. Balancing of Private and Public Interest Factors

The second step of the court's *forum non conveniens* analysis requires the court to determine whether the Defendants have established that the balance of relevant private and public interest factors favor dismissal in favor of the alternative forum.

### a. Private Interest Factors

■■■■ The first private interest factor that the court must consider is the Plaintiffs' choice of forum. The Plaintiffs argue that their choice of a United States forum is entitled to substantial deference and that to give a lower degree of deference to their forum selection violates American treaty obligations under the International Covenant on Civil and Political Rights. This treaty prohibits according inferior treatment to foreign citizens in American courts.[2] Relevant case law, however, does not support the Plaintiffs' argument.

In *Piper Aircraft,* the Supreme Court stated that "a foreign plaintiff's selection of an American forum deserves less deference than an American citizen's selection of his home forum." *Piper Aircraft,* 454 U.S. at 256, 102 S.Ct. 252. The fact that a foreign plaintiff's choice of an American forum receives less deference than an American plaintiff's choice of a domestic forum is

not because of chauvinism or bias in favor of [United States] residents. It is rather because the greater the plaintiff's ties to the plaintiff's chosen forum, the more likely it is that the plaintiff would be inconvenienced by a requirement to bring the claim in a foreign jurisdiction. Also, while our courts are of course required to offer equal justice to all litigants, a neutral rule that compares the convenience of the parties should properly consider each parties' residence as a factor that bears on the inconvenience that party might suffer if required to sue in a foreign nation.

*Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 102 (2nd Cir.2000).

■■■■ The central purpose of the *forum non conveniens* inquiry is to ensure that the trial is convenient. *Piper Aircraft,* 454 U.S. at 256, 102 S.Ct. 252. When a foreign plaintiff chooses a United States forum, it is "much less reasonable" to presume that the choice was made for convenience. *Id.* By giving a foreign plaintiffs' choice of an American forum less deference than an American plaintiff's choice of a domestic forum, a court is not violating treaty obligations, but rather performing the *forum non conveniens* balancing test approved by the Supreme Court.

Thus, the court finds that the Plaintiffs' choice of a Mississippi forum is not entitled to great deference, and that this factor weighs in favor of dismissal.

The second private interest factor that the court must consider is the relative ease of access to the relevant sources of proof. Much of the physical evidence in this case is located in Mexico. Most of the fact witnesses are in Mexico, including the police officers and other officials who investigated the accident and the medical person-

---

**2.** Article 14(1) of the treaty states that "All persons shall be equal before the courts and

tribunals." See *Dubai Petroleum v. Kazi,* 12 S.W.3d 71, 82 (Tex.2000).

nel who treated the Plaintiffs for injuries sustained in the accident. Other critical witnesses, such as the seller of the vehicle, any mechanics who worked on the vehicle, and maintenance personnel familiar with the subject highway where the accident occurred are also in Mexico and beyond the subpoena power of this court.

Courts faced with similar facts, involving suits by Mexican nationals alleging damages as a result of automobile or plane crashes in Mexico, have nearly universally dismissed in favor of a Mexican forum based on *forum non conveniens. See, e.g., de Aguilar,* 806 F.Supp. at 143–44 (dismissing case involving airplane crash in Mexico where investigation of crash was conducted by Mexican authorities; investigation records were located in Mexico; physical evidence and all material generated in accident's investigation were in Mexico; maintenance and inspections of subject aircraft were conducted in Mexico; maintenance records were kept in Mexico; and mechanics, pilot trainers, and technicians were all in Mexico); *Zermeno,* 246 F.Supp.2d at 659–61; *Vasquez,* 325 F.3d at 672–73. In addition, because the decedents were Mexican citizens and residents, and because the Plaintiffs reside in Mexico, the damages evidence is likely to be in Mexico as well. *See de Aguilar,* 806 F.Supp. at 143–44 (noting that "since most of the plaintiffs are Mexican citizens, evidence and witnesses concerning damage issues will also be located in Mexico").

The Plaintiffs contend that because some of the physical and documentary evidence has been relocated to the United States, a trial in the United States would be as convenient as one in Mexico. The court finds that this assertion is without merit. *See Piper Aircraft,* 454 U.S. at 242, 102 S.Ct. 252 (affirming dismissal of product liability claims against American airplane manufacturer arising out of accident in Scotland even though "evidence concerning the design, manufacture, and testing of the plane and propeller is located in the United States ...."); *de Aguilar,* 806 F.Supp. at 144 ("the fact that some evidence concerning the aircraft's design and manufacture may be located elsewhere in the United States does not make the Eastern District of Texas a convenient forum"). Accordingly, the court finds that the second private interest factor weighs in favor of dismissal.

The third private interest factor, the availability of compulsory process for the attendance of unwilling witnesses and the cost of securing the attendance of willing witnesses, also weighs in favor of dismissal. The facts disclosed in the parties' pleadings and submissions, and the claims and defenses of the parties disclosed in the pleadings, show that there will be some fact witnesses from the United States, but that most of the fact witnesses will come from Mexico. The police officers and emergency personnel who responded to the accident are Mexican. Any eyewitnesses to the accident are presumably Mexican. This court cannot compel the presence of these Mexican witnesses in this Mississippi forum. Although the Defendants could obtain the testimony of Mexican witnesses through depositions or affidavits, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition is to create a condition not satisfactory to litigants." *Perez & Compania (Cataluna), S.A. v. M/V Mexico I,* 826 F.2d 1449, 1453 (5th Cir.1987).

Some of the American fact witnesses will likely be employees or agents of some of the Defendants. This court can, and shall, therefore condition dismissal upon the Defendants making such witnesses, as well as Defendants' documents located in the United States, available in the foreign fo-

rum. *Nolan,* 762 F.Supp. at 683 (*citing Dahl v. United Tech. Corp.,* 632 F.2d 1027 (3rd Cir.1980)); *see Perez,* 826 F.2d at 1453 (finding that availability of witnesses factor weighed in favor of dismissal when "all relevant witnesses" were in foreign forum); de *Aguilar,* 806 F.Supp. at 144 (stating that "since most of the plaintiffs are Mexican citizens, evidence and witnesses concerning damage issues will also be located in Mexico"); *Neo Sack,* 810 F.Supp. at 836 (finding that availability of witnesses factor weighed in favor of dismissal when many potential witnesses lived in foreign forum). Accordingly, provided the Defendants stipulate that all American witnesses and documents will be made available in the foreign forum, the court finds that this factor weighs in favor of dismissal.

The fourth private interest factor involves the relevance and necessity of the fact finder having a view of the accident scene. Because this case involves an accident on a Mexican highway, the court finds that a view of the accident site may be helpful to the trier of fact. Even assuming that photographs of the site are available, the court finds that a Mexican trier of fact will be better able to appreciate the nature of Mexican roadways than would a Mississippi trier of fact. *See Piper Aircraft,* 454 U.S. at 242, 102 S.Ct. 252 (holding that trial in foreign forum rather than in United States "would be aided by familiarity with [the local] topography."). Thus, the court finds that this factor weighs in favor of dismissal.

The final private interest factor requires the court to weigh considerations such as the potential difficulty the Plaintiffs may have in enforcing the judgment of a Mexican court against the Defendants. The court can eliminate concerns about the Plaintiffs' ability to enforce any judgment of a Mexican court in this case by conditioning dismissal upon the Defendants'

agreement to satisfy any such judgment. *Nolan,* 762 F.Supp. at 684; *Zermeno,* 246 F.Supp.2d at 662. Thus, the court holds that the Defendants must all stipulate that any valid final judgment entered against them by the courts of Mexico shall be given full faith and credit in the United States. Assuming that all the Defendants so stipulate, the court finds that this factor weighs in favor of dismissal.

### b. Public Interest Factors

■ The public interest factors also, as a whole, weigh in favor of dismissal. The first factor, the interest in minimizing administrative difficulties, however, does not strongly favor dismissal. While this is a fairly complex products liability and negligence case, the court finds that the trial of this case would not likely absorb an inordinate amount the court's time, certainly no more time than the other complex cases this court presides over on a regular basis. *Compare Nolan,* 762 F.Supp. at 684 (stating that the fact that the case involved 100 foreign plaintiffs indicated the case would take "months" to try); *Baumgart v. Fairchild Aircraft Corp.,* No. SA–90–CA–818, 1991 WL 487242, at *7 (W.D.Tex. Sept.30, 1991), *aff'd,* 981 F.2d 824 (5th Cir.1993) (stating that the fact that the case involved nineteen foreign plaintiffs indicated that the case would take a substantial amount of time to try).

The second public interest factor, the interest in resolving local controversies locally, does strongly support dismissal, however. The Plaintiffs are Mexican citizens; the decedents were Mexican citizens; the subject vehicle was maintained and operated in Mexico; the accident occurred in Mexico; the damages are felt in Mexico; and Mexico has a great interest in regulating its own activities. On the other hand, while both the Defendant vehicle manufacturer and the Defendant tire manufacturer are American, the court finds that Missis-

sippi's interest in this case is not as strong as Mexico's. *See, e.g., Piper Aircraft,* 454 U.S. at 260, 102 S.Ct. 252 (holding that when aircraft accident occurred in foreign country and victims were all citizens of that country, and only aircraft and propeller manufacturer were American citizens, foreign forum had a "very strong interest" in case); *Baumgart,* 981 F.2d at 837 (in case where aircraft was designed and manufactured in Texas, but crashed in Germany, Fifth Circuit affirmed district court's finding that Germany had stronger interest in case).

The Plaintiffs' argument that the alleged wrongful acts were the original design of the vehicle and the subject tire simply reaches back too far in the accident's causal chain. Identifying the location of the wrongful conduct as an American designer's drawing board ignores the alleged failure of the product, which occurred in Mexico. If accepted, the Plaintiffs' argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In addition, the Plaintiffs' attempt to place the alleged wrongful conduct in the United States ignores their own alternative liability theory that the Defendant Dominguez–Mendoza's negligent driving caused the accident.

The court finds that the facts of this case simply have a much greater connection with Mexico than they do with Mississippi. The Plaintiffs and the Defendant Dominguez–Mendoza have little or no contact with Mississippi, and it is undisputed that the Defendants Cooper Tire and General Motors are headquartered and have their principal places of business in American States other than Mississippi—Cooper Tire is a Delaware corporation with its principal place of business in Ohio, and General Motors is a Delaware corporation with its principal place of business in Michigan. Thus, the court finds that this factor weighs in favor of dismissal.

The third public interest factor, the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action, also strongly favors dismissal. Regardless if this case is tried in Mississippi or Mexico, Mexican law will likely govern because Mississippi follows the "most significant relationship test" set out in the Restatement (Second) of Conflict of Laws, and resolution of that test clearly indicates that Mexico has the most significant relationship to the facts of this case. *See, e.g., Walls v. General Motors,* 906 F.2d 143, 145–46 (5th Cir.1990); *Davis v. National Gypsum,* 743 F.2d 1132, 1133 (5th Cir.1984). The court finds that Mexico has the "most significant relationship" to the facts of this case because, as noted above, Mexico is the place where the accident occurred; because the subject vehicle was maintained in Mexico; because all of the Plaintiffs and one of the Defendants are Mexican citizens; and because relevant case law from the Fifth Circuit strongly supports the conclusion that Mexican law applies in this case. *See Price v. Litton Sys., Inc.,* 784 F.2d 600, 603–604 (5th Cir. 1986) (State in which accident at issue occurred had more significant relationship to occurrence than did State in which design or manufacturing defect in machine involved in accident allegedly occurred); *Baumgart,* 1991 WL 487242, at *8 (where Texas-built aircraft crashed in Germany and injured German citizens, German law, and not Texas law, would most likely apply under most significant relationship test); *Nolan,* 762 F.Supp. at 685 (where plaintiffs were English citizens injured in crash of American-built aircraft in England, English law would likely apply under most significant relationship test). Because Mexican law will likely apply, the court finds that there is a strong interest in

trying this case in a forum that is familiar with Mexican law. Thus, the court finds that this factor weighs in favor of dismissal.

The final public interest factor, the interest in avoiding unfairly burdening citizens in an unrelated forum with jury duty, weighs in favor of dismissal. As previously noted, this case has minimal connections to Mississippi. Jury duty should not be imposed on the citizens of Mississippi in a case that is so slightly connected with this State. See *Kamel v. Hill–Rom Co.*, 108 F.3d 799, 804–05 (7th Cir.1997) (noting that Indiana residents "have a mere passing interest" where foreign plaintiff is injured in foreign land); *Nolan*, 762 F.Supp. at 685 (*citing Pain v. United Tech. Corp.*, 637 F.2d 775, 792 (D.C.Cir.1980)). The connection to Mexico, conversely, is high. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 181 (5th Cir.2000) ("[T]hose foreign countries [where the plaintiffs hailed from and had suffered injury] obviously have an interest in protecting the rights and welfare of their citizens."); *de Aguilar v. Boeing Co.*, 806 F.Supp. at 144 (stating that Mexico has "paramount interest" in resolving claims brought by Mexican plaintiffs arising from air crash in Mexico that was investigated by Mexican authorities). Thus, the court finds that this factor weighs in favor of dismissal.

### D. Conclusion

To summarize, this court finds that Mexico is an adequate and available forum for this case, so long as the court's conditions on the dismissal are satisfied. The weight of both the private and public factors clearly support dismissal of this case on *forum non conveniens* grounds. Accordingly, the court finds that dismissal of the Plaintiffs' claims is appropriate, provided that all of the following conditions are met:

(1) that all Defendants submit to service of process and jurisdiction in the appropriate Mexico forum;

(2) that the Plaintiffs file suit in an appropriate Mexican court within 120 days of the date of this order of dismissal;

(3) that all Defendants formally waive statute of limitations defenses accrued after the filing of this suit;

(4) that all Defendants agree to make available in Mexico all documents and witnesses within their control; and

(5) that all Defendants agree to satisfy any final judgment made by the Mexican courts in this matter.

Should any of these conditions not be met, this court will resume jurisdiction upon request and reopen this case. *See Vasquez*, 325 F.3d at 675 (failure of district court to include return jurisdiction clause in order dismissing claims pursuant to doctrine of *forum non conveniens* is reversible error).[3]

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO DISMISS

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendants' motion to dismiss on the basis of *forum non conveniens* (docket entry 69) is GRANTED as to all Defendants, provided that: (1) all Defendants submit to service of process and jurisdiction in an appropriate available Mexican forum; (2) the Plaintiffs file suit in an appropriate available Mexican court within

---

**3.** In any event, the moving Defendants have consented to the inclusion of a return jurisdiction clause in the court's order of dismissal.

120 days of the date of this order of dismissal; (3) all Defendants formally waive statute of limitations defenses accrued after the filing of this suit; (4) all Defendants agree to make available in Mexico all documents and witnesses within their control; and (5) all Defendants agree to satisfy any final judgment made by the Mexican courts in this matter;

(2) should any of the above-listed conditions not be satisfied in a timely fashion, this court will resume jurisdiction upon request and reopen this case; and

(3) this case is CLOSED.

All memoranda, depositions, declarations and other materials considered by the court in ruling on this motion are hereby incorporated into and made a part of the record in this action.