David DUNSBY, Plaintiff,

v.

TRANSOCEAN, INC., et al., Defendants.

No. CIV.A. H–03–476.

United States District Court,
S.D. Texas,
Houston Division.

July 30, 2004.

Charles C. Orsburn, Attorney at Law, Houston, TX, for Plaintiff—David Dunsby.

David R. Walker, Royston, Rayzor, Vickery & Williams, L.L.P., Houston, TX, for Defendants—Transocean, Inc., a/k/a Transocean Sedco Forex, Inc., Transocean Offshore, Inc., Sedco Forex Holdings, Ltd., Sedco Forex International Resources, Ltd., Sedco Forex, Inc. a/k/a Sedco Forex Technical Services, Inc., and Sedco–Oxy 602 Partnership.

## ORDER

HITTNER, District Judge.

Pending before the Court is Defendants' Motion to Dismiss. Having considered the motion, submissions, and applicable law, the Court determines that the Defendants' motion should be granted.

## BACKGROUND

Plaintiff David Dunsby is a resident of Hobart, Tasmania, Australia. He filed the captioned matter on November 8, 2002, in the Galveston Division of the Southern District of Texas. On February 5, 2003, the Galveston court *sua sponte* transferred this action to the Houston Division.

In his First Amended Original Complaint, Dunsby sets out the following factual allegations. On September 19, 2000, Dunsby was employed as a driller aboard the semi-submersible drilling barge SED-CO 602,[1] while in the territorial waters of the Republic of China. The SEDCO 602 was owned by Defendant Triton Holdings, Ltd. At that time, Dunsby was employed by Sedco Forex International Resources, Ltd. (currently known as Transocean International Resources, Ltd.). Defendant Transocean's world headquarters are located in Houston, Texas.

Specifically, on the date of his injury, Dunsby alleges he "suffered severe injuries to his cervical spine and spinal cord when the brake mechanism on the SEDCO 602 failed and violently kicked its handle into [his] body pushing his shoulders up

---

1. The SEDCO 602 was named as a Defendant, but was subsequently dismissed from the lawsuit.

and knocking his body back and to the rig floor four feet from where he was originally standing." Dunsby further contends Defendants did not provide him with proper care while on board the SEDCO 602, in China, or at home in Australia, which lead to an aggravation of his condition. In January 2001, Dunsby underwent a one level cervical fusion in Australia.

■ In his First Amended Original Complaint, Dunsby raises claims for negligence under the Jones Act, 46 app. U.S.C.A. § 688 (West Supp.2004),[2] maintenance and failure to cure,[3] and unseaworthiness.[4] Defendants filed the instant motion to dismiss raising two grounds for the Court to consider. First, Defendants argue claims based on Dunsby's alleged status as a Jones Act seaman should be dismissed, as they are precluded by 46 app. U.S.C.A. § 688(b)(1). Second, Defendants contend Dunsby's remaining claims should be conditionally dismissed under the doctrine of *forum non conveniens*. The Court conducted a hearing on this matter on July 8, 2004.

### LAW AND ANALYSIS

*Jones Act Claims and Claims under the General Maritime Law of the United States*

■ The Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law ...." 46 app. U.S.C.A. § 688(a).

However, subsection (b) of section 688 provides that Dunsby, as a foreign citizen, cannot maintain an action under the Jones Act or under any other maritime law of the United States if his injury occurred as follows: (1) while he was employed by "an enterprise engaged in exploration, development, or production of offshore mineral or energy resources;" (2) in the territorial waters of a foreign nation, unless; (3) he has a remedy available to him under either the laws of (a) China, the country in whose territorial waters the injury occurred or (b) Australia, his place of citizenship. 46 app. U.S.C.A. § 688(b); *see also Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374, 1377 (5th Cir.1988) ("Section 688(b) denies a Jones Act remedy and any other remedies under general maritime law to foreign seamen in the offshore drilling industry when they are injured in another country's territorial waters, unless neither the country where the injury occurred nor the seaman's home country provide any remedy.").

As to the parties' contentions concerning this subsection, there is not a dispute on every point. The parties agree that Dunsby is a foreign citizen who was injured while working as a driller for a company conducting exploration, development, or production of offshore or energy resources. Furthermore, this injury occurred in the territorial waters of China. However, the parties disagree as to the third point, whether or not Dunsby has a remedy under the laws of Australia or China. The

---

**2.** "A Jones Act claim is an *in personam* action for a seaman who suffers injury in the course of employment due to the negligence of his employer, the vessel owner, or crew members." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001) (citations omitted).

**3.** "A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a sea-

man injured while serving the ship." *Lewis*, 531 U.S. at 441, 121 S.Ct. 993 (citation omitted).

**4.** "Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Lewis*, 531 U.S. at 441, 121 S.Ct. 993 (citation omitted).

Court will therefore focus its analysis on this issue.

The Court first notes that determination of the existence of a cause of action in China is required even if a remedy is sought in Australia because an Australian court will apply the law of China. Both parties engaged barristers in Australia to review the application of Australian law. Both barristers concluded, and the Court agrees from its own interpretation of Australian law, that an Australian court will apply the substantive law of China. *Regie Nationale des Usines Renault SA v. Zhang* (2002) 210 CLR 491 (determining that the substantive law for the determination of rights and liabilities with respect to international torts was the *lex loci delicti*—the law of the place where the wrong occurred). Therefore, the Court must determine whether a remedy in China exists.

Defendants provided this Court with a legal opinion from a licensed attorney in the People's Republic of China. That attorney's opinion details possible claims under Chinese law for breach of contract and tort against Dunsby's employer and a claim in tort against the barge owner. In response, Dunsby submits various articles concerning Chinese law and courts. According to Dunsby, these materials

> clearly demonstrate that the claim that Dunsby has a remedy in China[ ] is an illusion. A cruel hoax. Especially since as [one article points out], only citizens of those nations who have signed the unilateral treaty with them [may] have access to their courts.

The Court disagrees with Dunsby's argument. Notwithstanding his position on the court system in China, this Court is not directing Dunsby to pursue his claim in a Chinese court. Instead, as an Australian citizen, he may file an action in an Australian court, which will apply the substantive law of China to determine Dunsby's possible claims. Dunsby makes no effort to refute the legal opinion of the Chinese attorney provided by Defendants. Therefore, because there are available causes of action under Chinese law, Dunsby has an available remedy under the laws of Australia, and his claims for negligence under the Jones Act, unseaworthiness, and maintenance and cure should be dismissed.

### Foreign Law Claims

█ Dunsby additionally alleges he is entitled to recover damages under various principles of international law. Defendants move that such remaining claims be dismissed pursuant to the doctrine of *forum non conveniens*. In response, Dunsby argues Defendants failed to establish the existence of an adequate alternate forum. He additionally argues the basis of the shipowner's operation is in Houston, and that is from where his paychecks, as well as refusals to pay his medical expenses, originated. After review of the submissions, the Court determines that Australia is the more convenient forum.

█ The doctrine of *forum non conveniens* "enables a court to decline to exercise its jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir.2001). In order to obtain a dismissal under *forum non conveniens*, "a party must demonstrate (1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor dismissal." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir.2003) (citing *Alpine View Co. v. Atlas Copco AB*,

205 F.3d 208, 221–222 (5th Cir.2000)).[5]

As to the first prong, the Court determines that Australia is an available and adequate forum. "An alternative forum is available if 'the entire case and all parties can come within the jurisdiction of that forum.'" *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir.2002) (quoting *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165 (5th Cir.1987)). That alternative forum is adequate "if 'the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.'" *Id.*

Here, Australia presents both an adequate and available forum. As discussed previously, Australia can adjudicate this matter and may apply the substantive law of China. Under Chinese law, Dunsby has various causes of action available to him. Finally, this Court will dismiss these claims on the grounds of *forum non conveniens* subject to certain conditions, including Defendants waiving any defense of statute of limitations and submitting to the jurisdiction of the Australian court in which Dunsby's action is filed.[6]

Finally, the Court determines that a balancing of the *Gilbert* factors favors dismissal as well. As to the private interests, the more appropriate forum is Australia. Dunsby is a citizen and resident of Australia. The incidents that occurred relating to Dunsby's cause of action occurred in China and Australia. Dunsby's treating physicians are in Australia, including the doctor that performed his cervical fusion. Most of the witnesses are located in Australia. The only significant connection to Houston is that Defendant Transocean's headquarters are located here. The Court further notes that its conditions will aid in expediting the litigation in Australia.

The public interests also favor dismissal. Australia has a greater interest in resolving a legal matter revolving around a controversy involving one of its own citizens and occurring in part in Australia; whereas Texas has no local interest in adjudicating the claims of an Australian citizen injured in Chinese territorial waters. Additionally, this Court carries a large caseload comprised of matters with direct connections to Texas and the Houston area. Finally, this Court, like an Australian court, would encounter similar issues, if any exist, with respect to conflicts of law and the application of foreign law. An Australian court is equipped to resolve these issues. Accordingly, the Court hereby

ORDERS that Defendants' Motion to Dismiss is GRANTED. Plaintiff Dunsby's

---

5. The factors to consider relating to the private interests of the litigants include[ ] the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The public factors [consist of] the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

6. The Defendants submitted these conditions as part of their proposed Conditional Order of Dismissal *Forum Non Conveniens*.

claims under the Jones Act and United States general maritime law are DISMISSED. The Court further

ORDERS the remaining claims under foreign law are DISMISSED subject to the following conditions: [7]

1. Within ninety (90) days of the date of this order, Plaintiff David Dunsby shall file a lawsuit in an appropriate Australian court;

2. Defendants shall timely submit to the jurisdiction of that court;

3. Defendants will waive any statute of limitations defenses that could be raised in the Australian court;

4. Defendants shall make available in the Australian court proceedings all relevant documents and witnesses within its control; and

5. Defendants shall make available for use in the Australian court proceeding any discovery materials produced in this action.

The Court further

ORDERS that this case will be ADMINISTRATIVELY CLOSED. This Court will retain jurisdiction, and, if Plaintiff Dunsby, through no fault of his own, is unable to maintain an action in an Australian court or the Defendants do not comply with the conditions, he may request this Court to consider reinstatement of the instant lawsuit.

---

**7.** *See Seguros Comercial Americas S.A. de C.V. v. Am. President Lines, Ltd.,* 933 F.Supp. 1301, 1315 (S.D.Tex.1996); *see also Vasquez,* 325 F.3d at 675 ("The 'failure to include a return jurisdiction clause in [a *forum non conveniens*] dismissal constitutes a *per se* abuse of discretion.'") (quoting *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900, 907–08 (5th Cir.1997)).