Opinion filed December 3, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 3,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00030-CV

                                                       ________

 

            FORD MOTOR
COMPANY AND BRIDGESTONE FIRESTONE

                           NORTH
AMERICAN TIRE LLC, Appellants

                                                             V.

                  ROSALVA
SANCHEZ VILLANUEVA ET AL, Appellees

 



 

                                         On
Appeal from the 410th District Court

                                                    Montgomery
County, Texas

                                              Trial
Court Cause No. 04-09-07999

 



 

                                                                   O
P I N I O N

Nadia
Alejandra Sanchez Villanueva bought a used 1996 Ford Explorer in Mexico. 
Villanueva and some other citizens of Mexico decided to take the Explorer on a
trip from Monterrey, Mexico, to Nuevo Laredo, located in the Mexican State of
Tamaulipas.  During the trip, the vehicle rolled over.  Some of the eleven
occupants of the vehicle were killed, and others were injured.

The
Mexican Federal Highway Patrol found that speed, overloading, and driving with
tires that were in bad condition were all factors that contributed to the
accident.  Alleging, among other things, that the right rear tire on the
vehicle separated and caused the accident, the appellees brought suit against
appellants in the State of Tennessee.  Because Mexico was the appropriate
forum, that lawsuit was dismissed by the trial court under the doctrine of
forum non conveniens and in accordance with a decision by the Tennessee Court
of Appeals regarding this and other like claims. 








The
record shows that Texas has no connection with this case except for the fact
that, after a Tennessee Court, for forum non conveniens grounds, dismissed
appellees= lawsuit
there, they filed it in Dallas County.  None of the events surrounding this
accident occurred in the State of Texas.  Neither any of the occupants of the
vehicle nor any of the appellees had ever been residents of the State of Texas
or any other state in the United States of America.  They were citizens of the
Republic of Mexico.  But, on July 19, 2004, appellees filed this lawsuit in
Dallas County.

The
case was transferred to a multi-district pretrial court.  See Tex. R. Jud. Admin. 13.5.  Appellants
unsuccessfully sought to have the MDL court honor the Tennessee order and
dismiss the case.  Appellants also moved to dismiss the Dallas County lawsuit
under the doctrine of forum non conveniens.

Ultimately,
the MDL court dismissed the lawsuit and found that Mexico was an available and
adequate alternative forum.  The MDL court also made other findings in support
of its dismissal order.  There has been no appeal from the dismissal.  However,
appellants do quarrel with some of the terms and conditions upon which the MDL
court dismissed the lawsuit, and they bring those matters to us in four
issues:  they claim that the MDL court abused its discretion when it set
certain of the term and conditions.  They do not take issue with other
conditions set by the MDL court.  Because we agree with the arguments made by
appellants in each of their four issues, we reverse and remand.

An
appellate court reviews a decision regarding a stay or dismissal for  forum non
conveniens reasons for an abuse of discretion.  In re Gen. Elec. Co.,
271 S.W.3d 681, 685 (Tex. 2008); In re Pirelli Tire, L.L.C., 247 S.W.3d
670, 676 (Tex. 2007).  A part of the consideration for a stay or dismissal
involves a determination by the trial court of what is required in the interest
of justice.  See  Tex. Civ. Prac.
& Rem. Code Ann. '
71.051(a) (Vernon 2008).  Likewise, the terms and conditions for a dismissal or
stay of an action for forum non conveniens reasons are to be as the interests
of justice require, with due regard to the rights of the parties to the
action.   See Tex. Civ. Prac.
& Rem. Code Ann. '
71.051(c) (Vernon 2008).  Our review of the propriety of the trial court=s terms and conditions is
for an abuse of discretion.








To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles.  In
other words, we must decide whether the act was arbitrary or unreasonable.   Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985). 
Even though a trial court may decide a matter within its discretion in a
different manner than would the appellate court in a similar circumstance, that
does not mean an abuse of discretion has occurred.  Id.  But, a trial
court does not have discretion to determine what the law is or to apply the law
to the facts; therefore, Aa
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.@ 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992); Ehrlich v. Miles,
144 S.W.3d 620, 624 (Tex. App.CFort
Worth 2004, pet. denied).

The
MDL court=s action
under Section 71.051(c) is the focus of all four of appellants= complaints.  The
provisions of that section are:

The
court may set terms and conditions for staying or dismissing a claim or action
under this section as the interests of justice may require, giving due regard
to the rights of the parties to the claim or action.  If a moving party
violates a term or condition of a stay or dismissal, the court shall withdraw
the order staying or dismissing the claim or action and proceed as if the order
had never been issued.  Notwithstanding any other law, the court shall have
continuing jurisdiction for purposes of this subsection.

 

In
their first issue, appellants complain about the condition for dismissal in
which the MDL court provided that appellants would be required to stipulate to
the admissibility of all evidence to which appellees ask them to
stipulate.  According to the MDL court, this condition prohibiting objection to
the admissibility of Aall
evidence@ was to be
interpreted Ain its
broadest sense@ and
included other accidents as well as Aexpert
testimony otherwise challengeable under Daubert v. Merrell Dow
Pharmaceuticals, 509 U.S. 579 (1993).@ 
The MDL court also provided in return jurisdiction provisions that, if
appellants were to challenge the admissibility of any of the evidence,
then that portion of the order pertaining to dismissal would be rescinded, and
appellees would be allowed to refile their lawsuit in Tennessee.  But, if
Tennessee would not take it, then appellees could refile their lawsuit in
Dallas County.








The
effect of the MDL court=s
order is to allow appellees to introduce any and all evidence that they want to
introduce unencumbered by the possibility that the evidence is objectionable
and not admissible.  Appellants are not allowed to object on any grounds. 
Otherwise, by merely raising a valid objection, they are back in Tennessee or
back in Texas.  Appellees argue that Athe
trial court was very careful to restrict its condition regarding admissibility
to only that evidence produced in discovery here in the U.S.@  That claim
notwithstanding, this is what the MDL court=s
order said:  ADefendants
shall stipulate to the admissibility of all evidence that the
plaintiffs request be stipulated to@
(emphasis added).  We think that part of the court order belies the claim of
appellees that the MDL trial court=s
order was restricted carefully.  In making their claim that this portion of the
order was restricted, appellees point to that portion of the order that
contains this language:  AThis
includes all evidence which:  (a) has been discovered up to this point; and (b)
will be discovered after this date in the United States of America.@  That portion of the order
does not limit the broader provision that allows appellees to request a
stipulation from appellants regarding any and all evidence and requires
appellants to agree to that broader stipulation or risk returning to court in
the United States.

Appellees
also argue that in Dunsby v. Transocean, Inc., 329 F.Supp.2d 890 (S.D.
Tex. 2004),  a provision identical to the one in this case was imposed by the
trial court.  The trial court provided in that case:  ADefendants shall make available for use
in the Australian court proceeding any discovery materials produced in this action.@ 329 F.Supp.2d at 896
(emphasis added).  Appellees=
reliance upon Dunsby is misplaced.  The Dunsby condition is
hardly identical to the one in this case.   Making discovery available
is quite different from stipulating to admissibility upon the mere
request of opposing parties.  

Appellees
also cite us to Morales v. Ford Motor Co., 313 F.Supp.2d 672, 690 (S.D.
Tex. 2004).  In Morales, the trial court provided: A[T]he court=s dismissal is conditioned
on the Defendant=s
agreement to allow the use of all discovery obtained thus far in
proceedings in the United States in the subsequent Venezuelan suit.@  313 F.Supp.2d at 690
(emphasis added).  Again, to allow the use of is not the same condition
as the condition in this case that requires appellants to agree to
admissibility of anything at any time when called upon to do so by appellee. 
It is noteworthy that no such restraints would be upon appellees.

We
believe that the imposition of such a condition with its resultant effect
neither is in the best interests of justice nor gives due regard to the rights
of the parties.  Furthermore, as appellants argue to this court, appellees have
been placed in a much better position than they would have been had they
originally filed their suit in Mexico where both Tennessee and Texas have said they
should have filed it.  The MDL court abused its discretion when it imposed this
condition, and we sustain appellants=
first issue.








In
their second issue, appellants complain of the MDL court=s condition that required them to pay for all
costs relating to translation of any evidence that appellees might want to have
translated.  The order provided, in part, that A[d]efendants
shall bear all costs associated with translating any and all evidence of
[p]laintiffs= choosing
into Spanish.@  All of
these requested translations were to be completed before appellees filed their
lawsuit in Mexico.  The MDL court provided that, if appellees did not Asubmit@ any portion of the
translated documents to the Mexican court, they would be required to reimburse
appellants for the cost of those items translated but not submitted to the
court, Asubject to
a10% margin of error.@ 
In its order, the MDL court gave an example to show how this worked:  If
appellees requested 1,000 pages but offered 800 pages, then appellees would be
required to reimburse appellants for the cost of translating 100 pages.  The
MDL court also provided, in return jurisdiction provisions, that, if appellants
were to refuse or otherwise object to appellees=
request for translation Abased
on relevance, timing, quantity or other grounds,@ 
then, just as with objections to admissibility of evidence, that portion of the
order pertaining to dismissal would be rescinded, and appellees would be
allowed to refile their lawsuit in  Tennessee.  But, if Tennessee would not
accept it, then appellees could refile their lawsuit in Dallas County.

Once
again, appellants had no choice but to agree to translate anything and
everything that appellees asked them to translate, and the translation was due
to be accomplished before appellees filed the suit in Mexico.  Appellees again
direct us to Morales.  There, the trial court imposed this condition:  A[T]he court=s dismissal is conditioned
on the Defendant=s
agreement to bear any translation-related expenses concerning the testimony of
English-speaking witnesses at trial.@
Morales, 313 F.Supp.2d at 689-90.  That is a much narrower condition
than that imposed in this case.  As explicitly provided by the MDL court in its
order in this case, appellants could not Arefuse
or otherwise object to Plaintiffs=
request for translation, based on relevance, timing, quantity or other grounds.@  There are no similar
restraints upon appellees.

The
Morales court also referred to Urena Taylor v. Daimler Chrysler Corp.,
196 F.Supp.2d 428, 435 (E.D. Texas 2001).  Appellees also cite us to that
case.  Although we are not directly addressing discovery issues in this part of
the opinion, we do note that, in referring to discovery requests, the Urena
Taylor court put forth the concept that a plaintiff=s discovery requests must be reasonable.  We
see no reason that a request for translation of documents should not meet the
test of reasonableness.








There
is a difference in being required to pay for the translation expenses of
English-speaking trial witnesses and in requiring the payment of translation
expenses of anyone from anywhere that appellees wanted B relevant, reasonable, or not B even before the lawsuit
was filed in Mexico.  The only protection offered appellants is that the MDL
court required appellees to pay for any translations they did not use (subject
to a margin of error).  At a minimum, before any document is translated, the
request for that translation should be reasonable, and the document should at
least pass the relevancy test.  See id.; Seguros Comercial Americas
S.A. de C.V. v. Am. President Lines, Ltd., 933 F.Supp. 1301 (S.D. Texas
1996).

We
believe that the imposition of a condition such as the one regarding
translation in this case, with its resultant effect, neither is in the best
interests of justice nor gives due regard to the rights of the parties. 
Furthermore, as appellants argue to this court, appellees have been placed in a
much better position than they would have been had they originally filed their
suit in Mexico where both Tennessee and Texas have said they should have filed
it. The MDL court abused its discretion when it imposed this condition, and we
sustain appellants=
second issue.[1]

In
appellants= third
issue, they address that part of the MDL court order in which it provided that
appellants would pay for transporting Aany
and all witnesses of Plaintiffs=
choosing@ to Mexico. 
The MDL court provided for a reimbursement arrangement similar to the
reimbursement arrangement  in regard to translated documents.  The MDL court
also provided, in return jurisdiction provisions, that, if appellants were to
refuse or otherwise object to appellees=
request to transport any witnesses, then that portion of the order pertaining
to dismissal would be rescinded, and the appellees would be allowed to refile
their lawsuit in Tennessee.  But, if Tennessee would not take it, then
appellees could refile their lawsuit in Dallas County.

Under
the MDL court=s
conditions, the appellees could tell appellants which witnesses they wanted,
and appellants were obligated to transport them to Mexico.  Appellants could
neither raise objections to nor refuse to pay the cost for that
transportation.  Once again, appellees attempt to correlate the condition in
this case with the condition in Morales wherein the trial court=s order contained this
provision:  A[T]he
court=s order of
dismissal is conditioned on the Defendant=s
agreement to make its witnesses and evidence available in the Venezuelan
proceedings@ (emphasis
added).   Morales, 313 F.Supp.2d at 689.








The
Morales court refers to and the parties in this case cite to Seguros. 
In Seguros, the trial court conditioned dismissal on the obligation of
the defendant to Amake
available in the Mexican proceedings all relevant documents and witnesses
within its control.@  Seguros,
933 F.Supp. at 1315. The Seguros court added the reasonable provision
that the documents and witnesses be relevant as well as within the defendant=s control.

There
is a difference in making witnesses under one=s
control available in the home forum and making anyone available that the
plaintiff wants to be made available with no opportunity to object allowed to
appellants.  We believe that the imposition of such a condition, with its
resultant effect, neither is in the best interests of justice nor gives due
regard to the rights of the parties.  Furthermore, as appellants argue to this
court, appellees have been placed in a much better position than they would
have been had they originally filed their suit in Mexico where both Tennessee
and Texas have said they should have filed it.  The MDL court abused its discretion
when it imposed this condition, and we sustain appellants= third issue.

The
MDL court ordered that all parties were to Acomply
with the applicable procedural rules of the Mexican court regarding submission
to jurisdiction (competence).@ 
The court continued, AThe
parties will in good faith submit this case to the Mexican Court for the
purpose of allowing that Court to determine if it has and will accept
jurisdiction (competence).@ 
In their fourth issue, appellants take issue with that portion of the MDL court=s order that comes next:  A[P]rovided, however,
plaintiffs and their counsel shall not be required to sign any written
agreement, contract, stipulation or other instrument proffered by defendants
purporting to submit to the Mexican Court=s
jurisdiction (competence).@ 
If, after good faith efforts have been made, the Mexican court were to
determine that it was not competent to accept this case, then, in accordance with
the MDL court=s order,
in return jurisdiction provisions, appellees could refile their lawsuit in
Tennessee.  If Tennessee again would not accept the case, the MDL court
authorized appellees to return to Dallas County and refile their action there.








At
first blush, any disagreement with this condition seems to be resolved by the
requirement that all parties were to comply with any procedural rules and to
act in good faith in presenting the jurisdictional (competence) question to the
Mexican courts.  Exempted from that condition, however, is any requirement that
appellees sign anything that appellants produced relating to submission to
Mexican jurisdiction (competence).  In reality, the MDL court provided that
appellees were not required to sign any document proffered by appellants
purporting to submit to Mexican jurisdiction (competence).  It appears from the
record that one way in which a Mexican court can acquire jurisdiction
(competence) is by agreement or consent.  If that be true and if all parties
are required by the MDL court to act in good faith in seeking to bring this
case under the jurisdiction of the Mexican courts, then appellees ought not to
be exempt from executing a legitimate, proper document in which those ends are
sought, regardless of its source.  This is particularly bothersome in the face
of appellees= lawyer=s statement, AMy clients are never going
to sign a submission.@

In
Morales, the plaintiffs basically argued that, if they opted not to
submit themselves to the  jurisdiction of the Venezuelan courts, then that
jurisdiction was Aunavailable.@   In deciding whether to
grant a motion to dismiss or stay under the doctrine of forum non conveniens, a
court shall consider the availability of an alternate forum in which the cause
might be tried.  Tex. Civ. Prac. &
Rem. Code Ann. '71.051(b)
(Vernon 2008).  And, if unavailable because they opted not to submit to the
jurisdiction, the plaintiffs argued a dismissal under the doctrine of forum non
conveniens would be improper.  The court disagreed and noted that A[t]he Plaintiffs . . . have
confused their willingness to avail themselves of the Venezuelan forum for its
availability.@  Morales,
313 F.Supp.2d at 675.  To accept the plaintiffs=
argument in Morales would, according to the court, amount to Aan utter abrogation of the forum
non conveniens doctrine.@ 
Morales, 313 F.Supp.2d at 676.

We
believe that this restriction upon the requirement that all parties attempt in
good faith to bring this matter under Mexican jurisdiction (competence), with
its resultant effect, neither is in the best interests of justice nor gives due
regard to the rights of the parties.  The MDL court abused its discretion when
it imposed this condition, and we sustain appellants= fourth issue.

Having
sustained all of appellants=
complaints, we reverse the order of the trial court and remand this cause for a
reconsideration of those conditions for dismissal involved in this appeal.  The
trial court is instructed to set new conditions in accordance with this opinion
and Urena Taylor, Dunsby, Morales, and Seguros.

 

         

                                                                                                JIM
R. WRIGHT

CHIEF JUSTICE

 

December 3, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The record shows that appellees had requested 3,300
documents prior to the time the order of dismissal was entered in this case. 
The record also shows that the cost of translation is 18 cents per word and
that the average number of words per page is 300.  Appellants argue that, if
each document was six pages, the total cost of translation would exceed
$1,000,000 at the time of the hearing.  The MDL court acknowledged the
magnitude of the cost of translation.